[Cite as *State v. Redd*, 2015-Ohio-3090.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0027** |
| STANLEY E. REDD, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2011 CR 00163.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Stanley E. Redd, Jr.,* pro se, PID: A641-490, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, Stanley E. Redd, Jr., to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal on March 23, 2015. Appellant appeals from his conviction and sentence of April 24, 2013.

{¶2} A timely notice of appeal from the April 24, 2013 judgment entry was due no later than May 24, 2013, which was not a weekend or a holiday. Appellant's notice of appeal was not filed until March 23, 2015, almost two years beyond the due date.

{¶3} Appellee filed its response in opposition to the motion for delayed appeal on March 25, 2015. Appellant filed a pro se reply to the response on April 2, 2015.

{¶4} We would first note that appellant, by and through counsel, filed a timely appeal with this court of his conviction and sentence in 11th Dist. No. 2013-T-0054 on May 23, 2013. That appeal was dismissed for appellant's failure to file his appellate brief on September 16, 2013.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the

2

trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} In his motion, appellant generally asserts that he was never informed by his trial counsel or the trial court that he could appeal his sentence. In addition, appellant indicates that his former appellate counsel in his previously dismissed appeal, 2013-T-0054, filed a motion to reinstate appellant's appeal which was overruled by this court March 11, 2014.

{¶14} First, as correctly indicated in appellee's response to the present motion, page six of appellant's signed plea reflects that he was advised by counsel and the trial court that he had a limited right to appeal his sentence within 30 days.

{¶15} Secondly, appellant waited over a year to file his motion for leave to appeal and notice of appeal after his motion to reinstate his previous appeal was overruled by this court. Not only has appellant not offered any convincing reason for filing a late appeal of his conviction and sentence, but he has also failed to explain the delay of over a year to appeal after his motion to reinstate was overruled.

{¶16} For the foregoing reasons, appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶17} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3